**Elias MAALOUF, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–6294–ag.

United States Court of Appeals, Second Circuit.

April 18, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Angela N. Liang, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Elias Maalouf, a native and citizen of Syria, seeks review of an October 27, 2005 order of the BIA affirming the March 29, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying his applications for a waiver of inadmissibility under INA § 212(c), withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elias Maalouf*, No. A35 317 997 (B.I.A. Oct. 27, 2005), *aff'g* No. A35 317 997 (Immig. Ct. N.Y. City Mar. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Maalouf was ordered removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having committed two crimes involving moral turpitude and under § 1227(a)(2)(A)(iii) for having committed an aggravated felony, our jurisdiction over his petition for review is limited. *See* 8 U.S.C. § 1252(a)(2)(C) (providing that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed,") *inter alia,* an offense under

§ 1227(a)(2)(A)(ii) or (iii); *see also Ashton v. Gonzales*, 431 F.3d 95, 96 (2d Cir.2005). We do, however, "retain jurisdiction to review 'constitutional claims or questions of law raised upon a petition for review.'" *Vargas–Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 162 (2d Cir.2006) (quoting 8 U.S.C. § 1252(a)(2)(D)). Although we have not determined the "precise outer limits of the term 'questions of law' under the REAL ID Act," we have explained that such a question is not raised by any portion of a petition for review that "essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328–29 & 329 n. 7 (2d Cir.2006).

■ Maalouf raises only two challenges to the BIA's decision, both of which relate solely to his CAT claim. Accordingly, we consider all other challenges to the agency's decision waived, and express no opinion on whether meritorious challenges could have been made to the agency's finding of removability, or to the denial of the other forms of relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005); *see also infra* n. 1. One of his challenges—that substantial evidence does not support the BIA's denial of CAT relief when it failed to reference his background materials—is best described as a challenge to the agency's factual findings and discretionary determinations regarding the proper weight of the evidence, and is thus unreviewable. *See Xiao Ji Chen*, 471 F.3d at 330–32 (finding that, regardless of how it is phrased, a challenge to the agency's

"factual findings and the balancing of factors in which discretion was exercised" is not reviewable).

■ Maalouf's other argument—that the agency applied the wrong standard with respect to the level of government awareness he was required to prove—implicates a question of law. *See id.* at 329 (noting that the application of a "legally erroneous standard" might give rise to a question of law). As the BIA correctly observed, though, the IJ's decision in this case did not turn on the issue of government awareness; it turned exclusively on Maalouf's personal risk of being tortured. Therefore, the BIA properly rejected Maalouf's argument as inapplicable. Because he raises the same argument to this Court, without acknowledging, much less challenging, the BIA's reason for rejecting it, the argument necessarily fails.[1]

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. We note that, in addition to being irrelevant, this portion of Maalouf's brief appears to have been lifted verbatim from the brief of another petitioner. The notably poor quality of briefing in this matter raises serious concerns that Maalouf's counsel may have been ineffective. *See Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Maalouf may seek to obtain the services of another attorney to consider whether such a claim can and should be made.